United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Melissa Rosario and Christian Rosario, Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 21-24005-Civ-Scola |
| Scottsdale Insurance Company, Defendants. | ) ) ) | |

## Order Denying Motion to Dismiss

Plaintiffs Melissa and Christian Rosario complain Defendant Scottsdale Insurance Company breached the parties' agreement by failing to pay the Rosarios' claim under a homeowners' insurance policy. (Compl., ECF No. 3-1, 2–4.) Scottsdale has filed a motion to dismiss, arguing the Rosarios' claim should be dismissed because they failed to comply with a Florida Statute provision requiring written notice before initiating litigation in a case like this. (Def.'s Mot., ECF No. 3.) The Rosarios have responded to the motion (Pls.' Resp., ECF No. 4) but Scottsdale has not replied and the time to do so has passed. After review, the Court **denies** Scottsdale's motion (**ECF No. 3**).

In its motion, Scottsdale submits the Court must dismiss the Rosarios' complaint because they did not comply with the notice obligations as set forth in Florida Statutes section 627.70152(3). (Def.'s Mot. ¶ 3.) Under that provision, "a claimant must provide the department"—Florida's Department of financial Services—"with written notice of intent to initiate litigation on a form provided by the department at least 10 business days before filing suit under the policy, but . . . not . . . before the insurer has made a determination of coverage." Fla. Stat. § 627.70152(3)(a). As provided for in the statute, any suit commenced where this statutory notice has not been provided, must be dismissed without prejudice. Fla. Stat. § 627.70152(5).

In response, the Rosarios point out that this new law, requiring notice, went into effect on July 1, 2021. (Pls.' Resp. ¶ 7.) In addition, they disclose, and Scottsdale does not dispute, that the policy period relevant to the Rosarios' claim commenced on May 20, 2020 and ended on May 20, 2021. (*Id.* ¶ 8.) According to the Rosarios, the new July 1, 2021, law should not be given retroactive effect because it fundamentally, substantively, and directly alters the rights and obligations under the parties' policy. (*Id.* at 4.) The Court agrees with the Rosarios and, further, notes Scottsdale has expressed no resistance to their position.

  The Florida Supreme Court has spoken clearly on the issue of the applicability of a new law that effects a substantive change to a party's rights under an insurance policy. In evaluating a similar provision, although in the context of personal-injury-protection policies, the Florida Supreme Court advised courts to "look at the date the insurance policy was issued and not the date that the suit was filed or the accident occurred, because the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract." *Menendez v. Progressive Exp. Ins. Co., Inc.*, 35 So. 3d 873, 876 (Fla. 2010) (cleaned up). "Even where the Legislature has expressly stated that a statute will have retroactive application," the court continued, such an application is to be rejected "if the statute impairs a vested right, creates a new obligation, or imposes a new penalty." *Id.* at 877. The statute at issue here does just that: it effects a substantive change to the law because it "substantively alters an insurer's obligation to pay and an insured's right to sue under the contract." *Id.* at 879. The Court finds the notice requirement at issue here undoubtedly "creates a new obligation" for the insured. *Id.* at 877.

  Based on the analysis in *Menendez*, and finding no opposition from Scottsdale, the Court reads the Florida Supreme Court's holding broadly and discerns no basis for not applying it in this case. Accordingly, because none of the requirements set forth in Florida Statute sections 627.70152 existed at the inception of the Rosarios' policy period, the new obligations Scottsdale looks to are inapplicable in this case.

  For the foregoing reasons, then, the Court **denies** Scottsdale's motion to dismiss (**ECF No. 3**) and orders it to respond to the complaint on or before **January 28, 2022**. The Court also denies the Rosarios' request that the Court order Scottsdale to pay the expenses they incurred in filing their response. The request is unsupported and improperly inserted, seemingly as an afterthought, into the last sentence of the Rosarios' opposition brief (Pls.' Resp. at 4).

  **Done and ordered** at Miami, Florida on January 21, 2022.

                _____
                Robert N. Scola, Jr.
                United States District Judge